United States District Court
Southern District of Texas
**ENTERED**
July 30, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTO SUAREZ SILVA, (A#201788251) | § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 4:24-cv-5115 |
| WARDEN RANDY TATE, | § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

The petitioner, Justo Suarez Silva, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the duration of his confinement by Immigration and Customs Enforcement (ICE) officials with the United States Department of Homeland Security (DHS). The respondent filed a motion to dismiss or, alternatively, a motion for summary judgment, arguing that Petitioner was lawfully detained. Dkt. 10. Subsequently, the respondent filed a supplement to his motion, advising the Court that Petitioner has been removed from the country and that his petition is moot. Dkt. 11. Petitioner has not provided the Court with an updated address following his removal and appears to have abandoned his petition.

After considering all the pleadings and the applicable law, the Court will grant the respondent's motion and dismiss this case as moot. Alternatively, the case will be dismissed for want of prosecution.

## I. Discussion

According to the petition, which was received on December 30, 2024, Petitioner is a native and citizen of Venezuela. Because he has been in custody for more than three months without a foreseeable removal date, Petitioner argues he is entitled to habeas corpus relief. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that persons may be detained pending removal for a "presumptively reasonable period" of no more than six months after the removal period expires).

The respondent has advised the Court that, on March 28, 2025, Petitioner was removed from the United States and is no longer in the custody of DHS. Dkt. 11; Dkt. 11-1 (Declaration of Deportation Officer Tiffany Hamilton). The respondent contends that Petitioner's release from custody renders his habeas corpus petition moot.

The United States Supreme Court has explained that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case or controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis*, 494 U.S. at 477). Because Petitioner challenges only his continued detention, his release from custody leaves nothing for this Court to remedy. *See id.* at 18. The petition is moot and must be dismissed.

2

Alternatively, Petitioner has not provided the Court with a change of address following his release from custody as required by Rule 83.4 of the Local Rules for the Southern District of Texas, Houston Division. Under that rule, a *pro se* litigant is responsible for keeping the Clerk advised in writing of his current address. Petitioner has clearly failed to provide the Court with an accurate, current address. Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order). For this additional reason, this case will be dismissed.

## II. Conclusion and Order

Accordingly, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss (Dkt. 10) is **GRANTED**.

2. The habeas corpus petition filed by Petitioner is **DISMISSED WITHOUT PREJUDICE** as moot.

3. Alternatively, this case is **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

SIGNED at Houston, Texas, on JUL 29 2025.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE